**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT TOPEKA**

| | |
|---|---|
| INTERSCOPE RECORDS, a California general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITAL RECORDS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; LAFACE RECORDS LLC, a Delaware limited liability company; MOTOWN RECORD COMPANY, L.P., a California limited partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation; and ZOMBA RECORDING LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>DOES 1 – 14,<br><br>Defendants. | CIVIL ACTION<br>CASE NO. 5:07-4107-RDR |

**ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE
TO TAKE IMMEDIATE DISCOVERY**

The instant motion comes before the court upon plaintiffs' Ex Parte Application for Leave to Take Immediate Discovery (Doc. 3) and Memorandum in Support (Doc. 4).

Plaintiffs filed a complaint alleging copyright infringement against various Doe Defendants and now seek to ascertain their identify by service of a Rule 45 subpoena on the University of Kansas seeking documents that identify each Doe Defendant, including the name, current (and permanent) addresses and telephone numbers, e-mail addresses, and Media Access Control addresses for each defendant.

Plaintiff has attached several orders from other courts in the Tenth Circuit allowing this sort of *ex parte* discovery prior to the parties' 26(f) conference wherein plaintiffs have alleged copyright infringement of song recordings.[1] In support of the instant motion, plaintiffs attach the Affidavit of Carlos Linares, Vice President for Anti-Piracy Legal Affairs for the Recording Industry Association of America, Inc. ("RIAA").  Mr. Linares explains that immediate discovery is warranted in the instant case because (1) prompt identification of infringers is necessary for copyright owners to take quick action (2) infringement of this nature often involves sound recordings that have not yet been distributed publicly (3) without expedited discovery plaintiff cannot identify defendants' names, address, or e-mail addresses; and (4) Internet Service Providers (ISPs) have different policies pertaining to the length of time they preserve "logs" which identify their users; this time period can range from as short as a few days to a few months before they erase the data.[2]

Generally, unless the parties agree otherwise or upon authorization of the court, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]"[3] However, "Rule 26(d) of the Federal Rules of Civil Procedure allows a court to order expedited discovery upon a showing of 'good cause.'"[4]  Good cause can exist in cases involving claims of infringement and unfair competition.[5] Sufficient good cause can also exist "where physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation."[6]  In considering the good cause standard in the context of Rule 26(d) the court

---

[1] Memorandum in Support (Doc. 4) at (Exhibit B).

[2] *Id.* at (Exhibit A) p. 8-9.

[3] Fed. R. Civ. P. 26(d).

[4] *Koch Carbon, LLC v. Isle Capital Corp*., No. 05-1010-MLB, 2006 U.S. Dist. LEXIS 36962 (D. Kan. 2006) (citing *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd.*, 204 F.R.D. 675, 676 (D. Colo. 2002)).

[5] *Pod-Ners*, 204 F.R.D. at 676.  *See also Qwest Communs. Int'l Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)("The good cause standard may be satisfied where a party seeks a preliminary injunction, or where the moving party has asserted claims of infringement and unfair competition.")(citations omitted).

[6] *Quest Communs. Int'l Inc.*, 213 F.R.D. at 419.

2

should also evaluate the scope of the requested discovery.[7]

In the instant case, the court finds plaintiffs have demonstrated sufficient good cause so as to warrant *ex parte* discovery prior to the parties' Rule 26(f) conference. Because the "logs" which identify the alleged infringers could be erased within mere days, the physical evidence of the alleged infringers' identity and incidents of infringement could be destroyed to the disadvantage of plaintiffs. Moreover, at this point, because plaintiffs seek very specific information regarding a certain group of likely readily identifiable people, the court finds the scope of the discovery sought sufficiently narrow.[8]

The court recognizes the recent amendment to the Federal Rules of Civil Procedure pertaining to the discovery of Electronically Stored Information, or ESI, and counsels the parties to consider these additions when addressing further discovery. However, the court has reviewed the changes to the Federal Rules, and in particular Rule 45, and has found no necessary prohibition to the relief plaintiffs seek.

However, because this motion is *ex parte* the court will allow the University of Kansas the opportunity to seek to quash the subpoena.[9]

Accordingly, for good cause shown,

IT IS THEREFORE ORDERED that plaintiffs' Ex Parte Application for Leave to Take Immediate Discovery (Doc. 3) is granted. Plaintiffs may serve a Rule 45 subpoena upon the University of Kansas that seeks information sufficient to identify each Doe Defendant's, name, current (and permanent) addresses and telephone numbers, e-mail addresses, and Media Access Control addresses for each Defendant. The disclosure of this information is consistent with the University of Kansas' obligations under 20 U.S.C. 1232g.

---

[7]*Id.* at 420.

[8]However, with further evidence or argument by the University of Kansas pursuant to a motion to quash, the court could reconsider its position on this point.

[9]*See e.g.*, Memorandum in Support (Doc. 4) at (Exhibit B) p. 24, 28 (orders from district courts in the Tenth Circuit specifically providing the third-party the opportunity to quash the subpoena).

IT IS FURTHER ORDERED that any information disclosed to plaintiffs in response to the Rule 45 subpoena may be used by plaintiffs solely for the purpose of protecting plaintiffs' rights under the Copyright Act.

IT IS FURTHER ORDERED that plaintiffs shall serve the University of Kansas with a copy of this Order as well as plaintiffs' Motion and Memorandum in Support along with the subpoena. If the University of Kansas wishes to move to quash the subpoena it may do so within ten days of being served with it.

IT SO ORDERED.

Dated this 1st day of October, 2007 at Topeka, Kansas.

  s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge